IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-664-GCM

| | |
|---|---|
| LESTER BARNETT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| RYAN MICHAEL YORK., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on initial review of Plaintiff's Complaint pursuant to 42 U.S.C. §§ 1983 and 1985 filed on October 9, 2012 (Doc. No. 1). According to his pro se Complaint, Plaintiff alleges that the defendant, Ryan Michael York, was negligent when hitting him with his car causing Plaintiff pain and suffering and leaving him with an outstanding medical debt. (Doc. No.1 at 2-3).

## I. STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint if "the action . . . (I) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## II. ANALYSIS

The Court has carefully reviewed Plaintiff's complaint and finds that it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court recognizes that a *pro se* complaint must be read liberally. Erickson v. Pardus, 551 U.S. 89 (2007). Even if liberally read the Court

1

cannot find that Plaintiff has stated a claim upon which relief may be granted.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. See 42 U.S.C. § 1983. Although Plaintiff specifically alleges a violation of 42 U.S.C. § 1983, such claim is without merit, as Plaintiff concedes that Defendant was not acting under color of state law. (Doc. No. 1 at 2). In order to establish a cause of action under 1985, a plaintiff must, at minimum, allege a conspiracy. See 42 U.S.C. § 1985. Plaintiff has not alleged any conspiracy, but only negligence in a personal injury case. Therefore, Plaintiff has failed to allege a federal claim for relief. Moreover, the Court notes that both parties appear to reside in the same state, therefore, there can be no diversity jurisdiction. The Court, therefore, concludes that Plaintiff has failed to state a claim for relief pursuant to 42 U.S.C. §§ 1983 and 1985, nor has he established diversity jurisdiction. Therefore, Plaintiff's Complaint must be dismissed without prejudice for failure to state a claim upon which relief may be granted..

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**.

Signed: October 11, 2012

Graham C. Mullen
United States District Judge